Robert D. Vogel (SBN 063091)
robert.vogel@jacksonlewis.com
Shaina L. Kinsberg (SBN 278618)
shaina.kinsberg@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Tel: (213) 689-0404
Fax: (213) 689-0430

Attorneys for Defendant
WOOD RESIDENTIAL SERVICES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE SHORT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WOOD RESIDENTIAL SERVICES,<br><br>　　　　Defendant. | CASE NO.:　2:19-CV-04973<br><br>**DEFENDANT WOOD RESIDENTIAL SERVICES' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 1441(a) and (b) (DIVERSITY)**<br><br>[Filed concurrently with the Certification of Interested Parties, Civil Case Cover Sheet, Corporate Disclosure Statement and Notice of No Related Cases]<br><br>State Complaint Filed: July 26, 2018 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF STEVE SHORT, IN PRO PER:**

**PLEASE TAKE NOTICE** that Defendant Wood Residential Services ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a) and (b) to remove this action from the Superior Court of California for the County of Los Angeles ("Los Angeles County Superior Court") based on diversity jurisdiction. In support thereof, Defendant avers the following:

**SERVICE AND PLEADINGS FILED IN STATE COURT**

1. Plaintiff Steve Short ("Plaintiff") filed an unverified Complaint against Defendant on July 26, 2018 in the Superior Court of the State of California, County of Los Angeles entitled *Steve Short v. Wood Residential Services* Case No. LC107569 (the "Complaint"). A true and complete copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2. On or about May 8, 2019 Defendant was first served with Plaintiff's Complaint via Notice of Acknowledgment. A true and complete copy of the documents Defendant was served with are attached hereto as Exhibit "B." The documents reflect a hearing was held on March 21, 2019 addressing the lack of filing a proof of service of the Complaint. (See Exhibit "B.")

3. Soon thereafter, Defendant obtained and learned from the Court Docket that on January 16, 2019 and May 16, 2019, hearings were held addressing Plaintiff's lack of filing a proof of service. Attached hereto as Exhibit "C" and "D" respectively are the Minute Orders from these hearings.

4. In the Complaint, Plaintiff asserts unspecified claims against Defendant regarding an alleged contract between the parties and specifically seeks damages in the amount of $75,000. (See Exhibit "A" pg. 2.)

5. Plaintiff's Civil Case Cover Sheet Addendum indicates that the claim in the complaint is an "Other Employment Complaint Case." A true and complete copy of Plaintiff's Civil Case Cover Sheet and Addendum is attached hereto as Exhibit "E".

6. As of the filing of this Notice of Removal, Defendant has not yet responded to Plaintiff's Complaint.

7. Exhibits "A," "B," and "E" attached hereto constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

**TIMELINESS OF REMOVAL**

8. This Notice of Removal has been filed within thirty (30) days after Defendant was first deemed served with a copy of Plaintiff's Summons and Complaint

upon which this action is based. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. § 1446(b).

## NOTICE TO ALL PARTIES AND STATE COURT

9. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that copies of this Notice of Removal with all supporting pleadings will be promptly served on Plaintiff, who is in pro per, and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## DIVERSITY OF CITIZENSHIP

10. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

11. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001).

12. Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. (See Exhibit "A," pg. 1.)

13. Defendant is a corporation. A corporate defendant is a citizen of any state in which it is incorporated and the state where it maintains its principal place of business pursuant to 28 U.S.C. § 1332(c)(1). At the time the Complaint was filed in state court, and presently at the time of removal, Defendant is incorporated in another state. Defendant is a Delaware corporation.

14.     The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control and coordination of the company and will no longer weigh corporate functions, assets or revenues in each state. *Id*.

15.     At the time Plaintiff filed his Complaint, as well as at the present time, Defendant's corporate headquarters is located in Georgia where Defendant's primary executive, administrative, financial and management functions are conducted and where most of Defendant's corporate officers direct, control and coordinate Defendant's activities.  Therefore, Defendant's primary operations are handled outside the State of California, its principal place of business is in Georgia and Plaintiff is a citizen of Georgia.

16.     Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and Complaint.  The citizenship of Doe Defendant is disregarded for purpose of removal.  28 U.S.C. § 1441(a).

17.     Based on the foregoing, there is complete diversity allowing removal by Defendant in that Plaintiff is a California citizen and Defendant is not. 28 U.S.C. §§ 1441, *et seq.*; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

## AMOUNT IN CONTROVERSY

18.     This action also meets the amount in controversy requirement.  28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

19. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, *citing Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, *citing Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

20. The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute such as the California Fair Employment and Housing Act ("FEHA") (Government Code §§12940 et seq.) which may be at issue in this case. *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours if he retains legal counsel to represent him in this case. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's

fees using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will exceed $75,000 if the case proceeds to trial should Plaintiff in the likely event obtain counsel before that date.

21. The Complaint itself concedes that Plaintiff seeks at least **$75,000** in damages as well as attorney's fees according to proof. (Complaint, Exhibit "A".)

22. Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (1963) 325 F.2d 785, 787. *See also Aucina v. Amoco Oil Co.*(1994) 871 F. Supp. 332, 334. According to the Civil Case Cover Sheet, Plaintiff seeks punitive damages. (See Exhibit "E," pg. 1.)

23. Taken together, Plaintiff's potential recovery for lost wages, emotional distress damages, punitive damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

## **DIVERSITY JURISDICTION IS SATISFIED**

24. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and contentions set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

25. The notice of removal was filed within thirty (30) days of May 8, 2019, the date of service listed on Plaintiff's Complaint and Proof of Service. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## **VENUE IS PROPER**

26. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Los Angeles and the Central District of California, Eastern Division, is the judicial district where the state

action is pending. Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

27. For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq*.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

Respectfully submitted,

DATED: June 7, 2019  JACKSON LEWIS P.C.

By: _____
Robert D. Vogel
Shaina L. Kinsberg

Attorneys for Defendant
WOOD RESIDENTIAL SERVICES

4810-4699-8168, v. 1